**Stanley FREEMAN, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 01–3346.

United States Court of Appeals, Federal Circuit.

Jan. 14, 2002.

Before LOURIE, DYK, and PROST, Circuit Judges.

DECISION

PER CURIAM.

Stanley Freeman petitions for review of the final decision of the Merit Systems Protection Board affirming his removal. *Freeman v. Dep't of the Navy*, No. DC–0752–00–0067–I–1, slip op. at 1, 2001 WL 761012 (MSPB Jun. 26, 2001) (final order) ("*Freeman II*"). Because the Board did not err in sustaining his removal, we *affirm*.

## DISCUSSION

Mr. Freeman was employed by the Department of the Navy ("the agency") as a police officer. *Freeman v. Dep't of the Navy*, No. DC–0752–00–0067–I–1, slip op. at 1 (MSPB Mar. 3, 2000) (initial decision) (*"Freeman I "*). He was removed for misconduct for failure to follow department regulations regarding gate operations and procedures, as well as traffic control. *Id.* at 2. Freeman appealed his removal to the Board, alleging, *inter alia*, that the agency violated his due process rights, that he did not commit the alleged misconduct, and that removal was an excessive penalty. *Id.* at 4, 19–20. Specifically, regarding the due process claim, Freeman asserted that he was not given an òpportunity to respond to an *ex parte* communication in which the deciding official, Lieutenant Lovejoy, asked the proposing official, Commander Hemmingsen, for Hemmingsen's *Douglas* factors worksheet so that he could compare it to his own. *Id.* at 19. They also discussed Hemmingsen's review of the *Douglas* factors. *Freeman II* at 3, 2001 WL 761012. The administrative judge ("AJ") determined that those communications did not violate Freeman's due process rights because there was no harmful error, *i.e.*, there was no procedural error that would likely have caused the agency to reach a conclusion different from the one it would have reached in the absence of the error. *Freeman I* at 20.

Freeman petitioned for review of the AJ's initial decision. The full Board granted the petition and affirmed the initial decision, but modified the due process analysis. *Freeman II* at 1, 2001 WL 761012. The Board agreed with Freeman that the AJ had erred in applying a harmful error test instead of the due process test set forth in this court's opinion in *Stone v. Federal Deposit Insurance Corp.*, 179 F.3d 1368, 1377 (Fed.Cir.1999), which

focuses on the materiality of the *ex parte* communication. *Freeman II* at 4, 2001 WL 761012 (majority opinion). In applying the *Stone* test, however, the Board stated that evidence is material only if it is of sufficient weight to warrant a different outcome. *Id.* at 5. Because the Board found that the *ex parte* communication had not warranted a different outcome, the Board affirmed the initial decision. In a concurring opinion, Chairman Slavet disagreed with the majority's statement of the standard for materiality as requiring that it have sufficient weight to warrant a different outcome. *Freeman II* at 3, 2001 WL 761012 (Slavet, Chairman, concurring). Nevertheless, she would have reached the same result as the majority under her application of the *Stone* test. *Id.* at 4–5, 2001 WL 761012.

Freeman timely appealed the Board's decision; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

On appeal, Freeman argues that the Board erred by applying a harmful error standard rather than a due process standard, and that it did not properly consider the nature or materiality of the *ex parte* communications. Freeman also argues that the facts do not support the misconduct offense, that the penalty was too harsh, and that the Board made improper credibility determinations.

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Gibson v. DVA*, 160 F.3d 722, 725 (Fed.Cir.1998).

■ We agree with the agency that the Board did not err in concluding that there was no due process violation. However,

we believe the Board should have reached this conclusion by applying the *Stone* test as described in Chairman Slavet's concurring opinion rather than by applying the "different outcome" test used in the majority opinion. The "different outcome" test applied by the Board is not supported by our decision in *Stone* and may, in some cases, be tantamount to the harmless error test that we rejected in *Stone*. Here, the communications were not "material" according to the test set forth in *Stone*, which considers "whether the *ex parte* communication merely introduces 'cumulative' information or new information; whether the employee knew of the error and had a chance to respond to it; and whether the *ex parte* communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner." *Id.* at 4–5 (citing *Stone*, 179 F.3d at 1376–77). Although Freeman had not been told of the *ex parte* communications or given an opportunity to respond, the communications were not material in light of the other factors: (1) Freeman did not show that the information was not cumulative of the information contained in the proposed removal; and (2) he did not show that it was the type of information that would likely result in undue pressure on the deciding official. *Id.* at 4 (Slavet, Chairman, concurring).

■ Freeman does not explain how Chairman Slavet erred in her assessment of those factors. In any event, the Board found that the deciding official engaged in *ex parte* communications with the proposing official only to compare his *Douglas* factors analysis to that of the proposing official. *Id.* at 5 (majority opinion). Thus, the result reached by the majority and Chairman Slavet is consistent with our holding in *Blank v. Army*, 247 F.3d 1225, 1229 (Fed.Cir.2001), that "[w]hen a deciding official initiates *ex parte* communication that only confirms or clarifies information already contained in the record, there

is no due process violation." We therefore conclude that the *ex parte* communications were not material and thus do not constitute a due process violation.

We also agree with the agency that the Board's decision sustaining Freeman's removal is supported by substantial evidence. Freeman does not explain how the facts, which are set forth in great detail by the Board, fail to support the Board's decision. He also fails to explain how the Board allegedly abused its discretion in its credibility determinations. Finally, penalty determinations are subject to great deference. Moreover, Freeman states no reasons why the penalty of removal was excessive, and we discern no error in the Board's decision on that issue.

Because the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.