# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ESTON D. SPAIN, JR., | DOCKET NUMBER |
|            Appellant, | PH-315H-17-0448-I-1 |
|       v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: June 9, 2022 |
|            Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eston D. Spain, Jr., Camden, New Jersey, pro se.

Andrew J. Hass, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On November 27, 2016, the agency appointed the appellant to the competitive-service position of Emergency Management Specialist (Geospatial) with the agency's Federal Emergency Management Agency (FEMA), Region III, subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 74.[2] On August 15, 2017, the agency issued a notification to the appellant that it was terminating him during his probationary period for unacceptable performance and absence without official leave, effective August 22, 2017. *Id.* at 15-20, 72. The appellant timely filed an initial appeal of the termination. IAF, Tab 1. The administrative judge notified the appellant of the elements and burdens of proof to establish Board jurisdiction over a probationary termination and ordered him to file evidence and argument establishing a nonfrivolous allegation of jurisdiction. IAF, Tab 2 at 2-5. The agency filed a response to the order in which it asserted that the Board lacked jurisdiction over the termination. IAF, Tab 6. The

---

[2] Specifically, the agency converted the appellant's prior temporary appointment in the excepted service as a Geospatial Information System Specialist to a career-conditional appointment. IAF, Tab 5 at 74, 82.

appellant did not file a response; rather, he filed a request to withdraw his appeal because he was not asserting discrimination on the basis of partisan political reasons or marital status and he did not have the resources to prepare a response while he was incarcerated. IAF, Tab 9. The administrative judge subsequently issued an initial decision finding that the appellant's withdrawal of his appeal was clear, decisive, and unequivocal, and dismissed the appeal as withdrawn. IAF, Tab 10, Initial Decision (ID).

¶3    The appellant has timely filed a petition for review requesting that the Board permit him to rescind his request to withdraw his appeal. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    On review, the appellant asserts that he wishes to proceed with his appeal because of recently discovered evidence. PFR File, Tab 1 at 1. Specifically, he alleges that he has learned of e-mail and other correspondence between the district attorney's office in the locale in which he is incarcerated and the regional administrator's office in FEMA Region III regarding his incarceration, transmitted on or before July 14, 2017. *Id.* He requests review of this correspondence to ensure that "no impropriety" occurred in his termination and to explain the termination letter's reference to his behavior. *Id.* at 3; IAF, Tab 5 at 18.

¶5    When an appellant directly petitions the full Board for review of an initial decision dismissing an appeal as withdrawn, the Board will treat the petition as a request to reopen his appeal. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶¶ 9-13 (2010). Ordinarily, an appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Id.*, ¶ 7. A voluntary withdrawal must be clear, decisive, and unequivocal. *Id.* The administrative judge found, and the appellant does not dispute, that the

appellant's withdrawal of his appeal was clear, decisive, and unequivocal.  ID at 2.

¶6    Absent unusual circumstances, such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *Lincoln*, 113 M.S.P.R. 486, ¶ 9.  However, the Board may relieve an appellant of the consequences of his decision to withdraw an appeal when the decision was based on misleading or incorrect information provided by the Board or the agency.  *Potter v. Department of Veterans Affairs*, 116 M.S.P.R. 256, ¶ 7 (2011).  The appellant has not alleged, nor do we find, that that he relied upon misleading or incorrect information provided by the Board or the agency in deciding to withdraw his appeal.  *Cf. id.*, ¶¶ 10-15 (excusing the appellant from the consequences of his decision to withdraw his appeal based on misinformation provided by the administrative judge regarding the scope of applicable Board remedies).

¶7    We find not persuasive the appellant's argument that the correspondence in question constitutes new evidence.  The appellant asserts that he recently learned of the correspondence but acknowledges that he has not seen it and does not identify when or how he learned of it.  PFR File, Tab 1 at 1.  He acknowledged in his initial appeal that, upon his incarceration, his computer, badge, and mobile phone were transmitted from the police to FEMA Region III on July 11, 2017, 3 days before the allegedly new correspondence, and that his wife had notified his supervisor about his upcoming hearing and anticipated release from incarceration.  IAF, Tab 1 at 27.  The appellant evidently was aware before his request to withdraw his appeal of communication to the agency regarding his incarceration and has not articulated how the additional correspondence he has discovered adds new evidence to the instant appeal.  Thus, we cannot conclude that the appellant has shown that the information contained in the additional correspondence was unavailable, despite his due diligence, at the time he requested to withdraw his appeal.  *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564

(1989) (holding that, to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed); 5 C.F.R. § 1201.115(d).

¶8        Moreover, the appellant's assertion that the correspondence could reveal some impropriety in his termination is insufficient to show that the correspondence is material either to the preliminary question of the Board's jurisdiction over his probationary termination or to the merits of the appeal. Evidence is material to a proceeding only when it is of sufficient weight to warrant a different outcome. *Freeman v. Department of the Navy*, 88 M.S.P.R. 659, ¶ 12 (2001), *aff'd*, 28 F. App'x 956 (Fed. Cir. 2002). A probationary employee in the competitive service who has not completed 1 year of current continuous service, such as the appellant, has no statutory right of appeal to the Board. 5 U.S.C. § 7511(a)(1)(A); *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 9 (2010). However, a probationary employee in the competitive service may appeal a termination if he alleges that it was based on partisan political reasons or marital status, or that his termination for preappointment conditions was procedurally deficient. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 8 (2010); 5 C.F.R. § 315.806(a)-(c). Alternatively, an individual, such as the appellant, can show that he qualifies as a competitive-service "employee" with 5 U.S.C. chapter 75 appeal rights by showing that he either was not serving a probationary period at the time of termination or he had completed 1 year of current continuous service under an appointment other than a temporary one limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *Hurston*, 113 M.S.P.R. 34, ¶ 9.

¶9        The appellant admitted that his termination was not based on partisan political reasons or marital status and has not alleged that he was terminated for preappointment reasons. IAF, Tab 9 at 1. Further, he has not articulated how the correspondence in question might show that he qualified as an "employee" with appeal rights under 5 U.S.C. chapter 75 at time of his termination. Even if he

were to establish the Board's jurisdiction over his appeal, in the limited circumstances that the Board would reach the merits of the termination, the appellant has not shown that the correspondence is of sufficient weight to warrant reversal of the termination.[3]  Accordingly, we find that the appellant has not established any basis for reinstating his appeal, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should

---

[3] If an appellant establishes Board jurisdiction by proving that the agency based a probationary termination on marital status or partisan political reasons, only then does the Board proceed to the merits of the case. *Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶¶ 8-11 (2012); 5 C.F.R. § 315.806(b).  In the event that an appellant establishes jurisdiction over a termination for preappointment reasons, the Board does not reach the merits of the agency's decision; rather, the Board's jurisdiction is limited to whether the agency failed to afford the appellant the procedural protections of 5 C.F.R. § 315.805, and, if so, whether the procedural error was harmful, such that the action must be set aside.  *West v. Department of Health & Human Services*, 122 M.S.P.R. 434, ¶ 7 (2015).  Finally, if an appellant establishes jurisdiction by showing that he is an "employee" under 5 U.S.C. § 7511(a)(1), the Board will not reach the merits of the termination unless the agency's procedures for effecting the termination afforded the appellant minimum due process of law, including prior notice and an opportunity to respond.  *See Gadsden v. Department of State*, 102 M.S.P.R. 79, ¶¶ 16-17 (2006) (reversing the agency's removal action when the appellant established that he met the definition of an "employee" with Board appeal rights, but the agency failed to provide him minimum due process of law under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985)).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <span style="color:blue">5 U.S.C. § 7703</span>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

   If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

   Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.